IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LEE CHARLES JONES, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-CV-733-O |
| | § | |
| BOBBY LUMPKIN, Director, TDCJ-ID, | § | |
|     Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Petitioner, Lee Charles Jones, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice, against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time barred.

**I. BACKGROUND**

On July 28, 2017, in Tarrant County, Texas, Case No. 1505016R, Petitioner entered an open plea of guilty pursuant to a plea bargain agreement to one count of aggravated assault with a deadly weapon and true to the repeat-offender allegation in the re-indictment. Clerk's R. 101-06, ECF No. 23-10. After preparation of a presentence investigation report, the trial court assessed his punishment at 25 years' imprisonment. *Id.* at 110. His conviction was affirmed on appeal, and, on August 22, 2018, the Texas Court of Criminal Appeals refused his petition for discretionary review. Electronic R., ECF No. 23-9. Petitioner did not seek writ of certiorari. Pet. 3, ECF No. 1. On May 28, 2019,[1]

---

[1] A prisoner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's state application does not provide that information, however Respondent has provided evidence that Petitioner placed a document addressed to the trial court clerk in the prison mailing system on May 28, 2019; thus, the Court deems his state habeas application filed on that date. Resp't's Answer, Ex. A, ECF No. 22.

Petitioner filed a state habeas-corpus application challenging his conviction, which was denied on January 8, 2020, by the Texas Court of Criminal Appeals without written order on the findings of the trial court and the court's "independent review of the record." SHR[2] 11, ECF No. 23-18; Action Taken, ECF No. 23-14. This federal habeas petition was filed on July 7, 2020.[3] Pet. 10, ECF No. 1. Respondent asserts that the petition is time barred under the federal statute of limitations. Resp't's Answer 4-7, ECF. No. 22.

## II. DISCUSSION

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-

---

[2] "SHR" refers to the record of Petitioner's state habeas proceeding in WR-90,699-01.

[3] Likewise, a prisoner's pro se federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

> conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

With limited exceptions not applicable here, the limitations period begins to run from the date on which the challenged "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" under subsection (A). For purposes of this provision, Petitioner's judgment of conviction became final upon expiration of the time that he had for filing a petition for writ of certiorari in the United States Supreme Court on November 20, 2018, triggering the one-year limitations period, which expired one year later on November 20, 2019. *Id.* § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); SUP. CT. R. 13.1. Therefore, Petitioner's federal petition was due on or before November 20, 2019, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's state habeas application operated to toll the limitations period 226 days, making his federal petition due on or before July 3, 2020. Therefore, his petition filed on July 7, 2020, is untimely unless he is entitled to tolling as a matter of equity.

Equitable tolling is permitted only in rare and exceptional circumstances when, although pursuing his rights diligently, an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner did not file a reply to Respondent's answer, provide any explanation for his delay, or otherwise assert extraordinary circumstances beyond his control that prevented him from filing in a timely manner. Nor does he allege, much less demonstrate, that he is actually innocent

based on new reliable evidence not presented at trial. *Schlup v. Delo,* 513 U.S. 298, 324 (1995).

Accordingly, Petitioner's federal petition was due on or before July 3, 2020. His petition filed on July 7, 2020, is therefore untimely.

### III. CONCLUSION

For the reasons discussed, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time barred. Further, for the reasons discussed, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 15th day of March, 2021.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**